**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| MARSHALL GARBER, | ) | CASE NO.: |
| | ) | |
| Plaintiff, | ) | JUDGE: |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | **NOTICE OF REMOVAL** |
| HERIBERTO MENENDEZ, M.D., | ) | |
| | ) | |
| Defendant. | ) | |

Now comes Defendant Heriberto Menendez, M.D. ("Defendant"), by and through counsel, and pursuant to 29 U.S.C. § 1441 and 28 U.S.C. § 1446, hereby files his Notice of Removal of the above-captioned action from the Ashland County Court of Common Pleas to the United States District Court for the Northern District of Ohio. In support thereof, Defendant states as follows:

1.      On May 5, 2017, Plaintiff Marshall Garber filed an action in the Ashland County Court of Common Pleas, Ashland County, Ohio against Defendant Heriberto Menendez, M.D.

2.      On May 15, 2017 a copy Plaintiff's Complaint was received by Defendant, Heriberto Menendez, M.D. A true and accurate copy of Plaintiff's Complaint filed in the Ashland County Court of Common Pleas is attached hereto as Exhibit "A."

3.      The removed case consists of allegations that Plaintiff sustained damages resulting from medical negligence under Ohio law.

4.      28 U.S.C. § 1446(a) requires "a copy of all process, pleadings, orders, and other documents on the file in the State Court." (*See* Plaintiff's Complaint, attached as Exhibit "A" and copy of Certified Return Receipt reflecting service upon Defendant, attached as Exhibit "B").

5.      28 U.S.C. § 1446(b)(1) provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …

This Notice of Removal is filed within thirty (30) days of Defendant, Heriberto Menendez, M.D.'s first receipt of the Complaint.

6.      Venue of this Removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the state court action was pending.

7.      This is a civil action which falls under the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

8.      According to the Complaint, Plaintiff Marshall Garber resides in Perry Hall, Maryland.

9.      Defendant Heriberto Menendez, M.D. is a resident of the state of Florida.

10.      Plaintiff has alleged permanent injuries and damages against Defendant, seeking "… an amount greater than $25,000.00 and for all other relief to which he is entitled." (Exhibit "A").

11.      While Plaintiff has not so specified that his damages exceed $75,000.000 in his prayer for relief, pertinent facts demonstrate that the value of this matter exceeds the jurisdictional limit of $75,000.00. The Sixth Circuit Court of Appeals has held that, looking to a specific complaint where "allegations of the complaint may reasonably indicate claimed injuries so serious that the amount in controversy would necessarily exceed [$75,000.00] in value," is proper grounds

for removal. *Rotschi v. State Farm Mut. Auto. Ins. Co.*, 1997 U.S. App. LEXIS 11771 (6th Cir. Ky. May 15, 1997). Plaintiff's Complaint alleges that Mr. Garber "… lost the use of his lower extremities due to the delay in treatment and advancement of his neurological symptoms." (Exhibit "A," ¶ 12). Additionally, Mr. Garber alleges that he "suffered injuries, including but not limited to medical expenses, loss of enjoyment of life, lost wages, mental anguish, pain and suffering, and emotional distress." (Exhibit "A," ¶ 14). Here, Plaintiff's allegations contained within his Complaint reasonably indicate claimed injuries so serious that the amount in controversy necessarily exceeds $75,000.00 in value.

12.     The state court action may be removed to this Court by Defendant in accordance with the provisions of 28 U.S.C. § 1441(a) and (b) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Northern District of Ohio; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

15. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action has been given simultaneously to Plaintiff's attorneys, and a Notice of Filing Notice of Removal has been simultaneously filed with the Ashland County Court of Common Pleas (a copy of the Notice is attached hereto as Exhibit "C").

Wherefore, Defendant Heriberto Menendez, M.D. does hereby remove the above-captioned action from the Ashland County Court of Common Pleas, and requests further proceedings to be conducted in this Court as provided by law.

Respectfully submitted,


/s/ Kevin M. Norchi

_____

KEVIN M. NORCHI (0034659)
BRENDAN M. RICHARD (0085912)
**NORCHI FORBES LLC**
Commerce Park IV
23240 Chagrin Boulevard, Suite 210
Cleveland, Ohio 44122
Telephone:      (216) 514-9500
Facsimile:      (216) 514-4304
E-mail:         kmn@norchilaw.com
                brichard@norchilaw.com

Counsel for Defendant

4

## <u>CERTIFICATE OF SERVICE</u>

A copy of the foregoing Notice of Removal has been sent via regular U.S. mail, postage

prepaid, this 9th day of June, 2017, to:

Jacob J. Beausay, Esq.
The Donahey Law Firm
495 South High Street, Suite 300
Columbus, Ohio 43215
Attorney for Plaintiff


/s/ Kevin M. Norchi
_____
One of the Attorneys for Defendant

475.0023

5