**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Marshall Garber,** | ) | **CASE NO. 1:17 CV 1214** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Heriberto Menendez,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### INTRODUCTION

This matter is before the Court upon Defendant Heriberto Menendez, M.D.'s Motion to Dismiss (Doc. 4). This is a medical malpractice case. For the reasons that follow, the motion is GRANTED.

### FACTS

Plaintiff, Marshall Garber, brings this lawsuit against, defendant Heriberto Menedez, M.D., alleging medical malpractice. For purposes of ruling on the motion, the facts in the complaint are presumed true.

1

According to the complaint, on November 29, 2010, plaintiff suffered from fever, constipation, and acute radiating back pain. Plaintiff was a minor at the time and defendant was plaintiff's pediatrician. Defendant saw plaintiff that day and ordered a urine test, after which defendant sent plaintiff home. Three days later, plaintiff presented to the emergency room with similar complaints, and now also suffered from difficulty moving his legs and feet. At the hospital, it was discovered that plaintiff had a spinal epidural abscess. Although plaintiff underwent surgical resection of the abscess, he lost the use of his lower extremities due to the delay in treatment.

Plaintiff turned 18 on August 5, 2013. On April 4, 2014, defendant retired and approximately one week later permanently relocated to Florida.

On August 5, 2014, plaintiff filed a negligence action in state court. Ultimately, it appears that this case was dismissed as a result of plaintiff's failure to file an affidavit of merit. Thereafter, on February 17, 2016, plaintiff refiled the action in state court. On March 22, 2107, defendant moved to dismiss the action based on failure of service of process. On April 5,2017, plaintiff voluntarily dismissed the action.

Plaintiff filed a third action, *i.e.*, the instant action, in state court on May 5, 2017. Defendant removed this action to this Court. It is undisputed that, absent tolling, the statute of limitations bars plaintiff's complaint. Plaintiff, however, expressly alleges that the statute of limitations is tolled pursuant to O.R.C. § 2305.15.

Defendant moves to dismiss the complaint as untimely on the basis that O.R.C. § 2305.15 is unconstitutional as applied to defendant. Plaintiff opposes the motion.

**STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. However, the complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993). Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District,* 101 F.3d 702 (6th Cir. Nov. 21, 1996), *unpublished*. Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

In addition, a claimant must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Id*. at 1949 (citations and quotations omitted). *See also, Hensley Mfg. v. ProPride, Inc.*, 579 F.3d

3

603 (6th Cir.2009).

## **ANALYSIS**

O.R.C. § 2305.15(A) provides as follows:

When a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, 1302.98, and 1304.35 of the Revised Code does not begin to run until the person comes into the state or while the person is so absconded or concealed. After the cause of action accrues if the person departs from the state, absconds, or conceals self, the time of the person's absence or concealment shall not be computed as any part of a period within which the action must be brought.

Here, plaintiff argues that because defendant retired and relocated to Florida he has been "out of the state" since 2014 for purposes of O.R.C. § 2305.15(A). As such, the statute of limitations is tolled until such time as defendant returns to Ohio. In the event that defendant does not return, the statute of limitations is tolled indefinitely.

In response, defendant argues that the United States Supreme Court and other federal courts have ruled that this statute is unconstitutional because it violates the Commerce Clause. Plaintiff disputes this assertion and claims that recent Ohio Supreme Court law permits the application of the statute to the facts of this case.

Upon review, the Court agrees with defendant and finds that O.R.C. § 2305.15 cannot be constitutionally applied to this case. In *Bendix Autolite Corp. v. Midwesco Enterprises, Inc.*, 486 U.S. 888 (1988), the Supreme Court held that, to the extent the statute is applied to out of state corporations, it violates the Commerce Clause. After noting that application of the statute to foreign corporations requires a choice between "exposure to the general jurisdiction of Ohio courts or forfeiture of the limitations defense," thus remaining subject to suit in perpetuity, the Court held:

4

> ...[T]he Ohio tolling statute must fall under the Commerce Clause. Ohio cannot justify its statute as a means of protecting its residents from corporations who become liable for acts done within the State but later withdraw from the jurisdiction, for it is conceded by all parties that the Ohio long-arm statute would have permitted service on [defendant] throughout the period of limitations.

*Id*. at 893-94.

The Court found the statute unconstitutional even though foreign corporations could in fact register with the State of Ohio for purposes of receiving service of process.

After *Bendix* issued, a court in this jurisdiction held that *Bendix* applied to individuals–not just corporations–engaged in interstate commerce. *Tesar v. Hallas*, 738 F.Supp. 240 (N.D. Ohio 1990). There, the court held that the tolling statute was unconstitutional to the extent it applied to an individual who permanently left the state of Ohio in order to obtain new employment in Pennsylvania. The court noted that, compared with corporations, an "individual defendant has an even more draconian choice to make" because there is no mechanism by which an individual "could register with the state for service of process." *Id*. at 242.

Based on *Bendix* and *Tesar*, defendant argues that tolling the statute of limitations in this case would violate the Constitution. Defendant points out that plaintiff expressly alleges that defendant permanently left the State of Ohio in order to retire. As such, because defendant is not a resident of Ohio and his departure implicates interstate commerce, the limitations period cannot be tolled. The Court agrees. Here, there is no indication that defendant's departure from Ohio is temporary or that he intends to return to this state. Moreover, although plaintiff does not allege that defendant sought employment in Florida, the Court finds that the decision to permanently leave Ohio for Florida does implicate the Commerce Clause. It is well established that the movement of people across state lines is "commerce" for purposes of the Commerce

5

Clause. *Edwards v. California*, 314 U.S. 160 (1941)(finding statute that prevented a California resident from bringing an indigent relative into the state to live violated Commerce Clause). This is so regardless of whether the transportation is commercial in nature. *Id*. at n.1 *(Citing Caminetti v. United States*, 242 U.S. 470 (1917) for the proposition that "[i]t is immaterial whether or not the transportation is commercial in character").

Having concluded that the statute in question implicates interstate commerce, the Court turns to whether the burden it places on commerce is "impermissible." Upon review, the Court answers the question in the affirmative. Here, the statute prevents individuals from permanent transport across state lines unless the individual waits until such time as the statute of limitations has expired. The individual's only alternative is to move prior to its expiration, thereby forfeiting the right to assert a statute of limitations defense. In this manner, the individual is subject to the claim indefinitely. The burden on commerce is even greater than in *Bendix* because, as the *Tesar* court noted, an "individual defendant has an even more draconian choice to make" because there is no mechanism by which an individual "could register with the state for service of process." *Id*. at 242. On the other hand, there is no indication that defendant could not be served via Ohio's long arm statute. Accordingly, based on *Benedix* and *Tesar*, the Court finds that the statute of limitations cannot be tolled based on defendant's permanent "absence" from the State of Ohio as the portion of the statute applicable to out-of-state absences is unconstitutional as applied to defendant. The Court need not address the constitutionality of the remainder of the statute.

Plaintiff's reliance on *Johnson v. Rhodes*, 733 N.E.2d 1132 (Ohio 2000) does not alter the Court's conclusion. In *Johnson*, the Ohio Supreme Court addressed whether O.R.C. §

2305.15 can be constitutionally applied to toll claims against a defendant who had left Ohio for a ten-day vacation. The court found that tolling under those circumstances would not violate the Constitution. Specifically, the court held:

> For this reason, we hold that the application of R.C. § 2305.15 against an individual, who temporarily leaves the state of Ohio for non-business reasons, does not constitute an impermissible burden on interstate commerce.

In other words, the court relied on the fact that the absence was *both* temporary and for non-business reasons in determining that the statute satisfies the Commerce Clause. The concurrence questioned the majority's insertion of the qualifying word "temporarily," as well as the lack of analysis regarding the parameters of any such limitation. Thus, this Court finds that a fair reading of the opinion in *Johnson* indicates that the Ohio Supreme Court would refuse to toll the statute of limitations where the defendant's absence from the state–as it is in this case–is expressly alleged to be permanent.[1]

On the face of plaintiff's complaint, the medical malpractice claims asserted against defendant are barred by the statute of limitations. Although plaintiff attempts to rely on the tolling provision set forth in O.R.C. § 2305.15, the Court finds that the statute is unconstitutional as applied to this case.

**CONCLUSION**

For the foregoing reasons, Defendant Heriberto Menendez, M.D.'s Motion to Dismiss

---

[1] Plaintiff makes much of the fact that defendant left the state before the statute of limitations expired. But if defendant left the jurisdiction after the expiration of the statute of limitations there would be nothing to toll and the statute would be entirely inapplicable.

7

(Doc. 4) is GRANTED.

IT IS SO ORDERED.

        /s/ Patricia A. Gaughan
        PATRICIA A. GAUGHAN
        United States District Judge
        Chief Judge

Dated: 8/28/17